LAURENCE WOLF CAPITAL
MANAGEMENT TRUST,
Plaintiff,

v.

CITY OF FERNDALE, Defendant.

No. CIV. 00–40225.

United States District Court,
E.D. Michigan,
Southern Division.

May 18, 2004.

J. Laevin Weiner, Colista, Adams, Royal Oak, Matthew A. Levin, Frank, Stefani, (Troy), Troy, MI, Roderick S. Coy, Clark Hill (Okemos), Okemos, MI, for Laurence Wolf Capital Management Trust, Plaintiff.

Paul D. Christ, Beier Howlett, Bloomfield Hills, MI, for Ferndale, City of, Defendant.

## OPINION AND ORDER REQUIRING DEFENDANT TO ISSUE NON–USE VARIANCE

GADOLA, District Judge.

Before the Court is Plaintiff's "motion for entry of order requiring issuance of non-use variance and disposing of case." The Court held a hearing on the motion on May 13, 2004. For the reasons set forth below, the Court will grant the motion in part and deny the motion in part.

On December 18, 2000, after a bench trial, the Court issued an order and a judgment in favor of Defendant concluding that Defendant did not violate § 332 of the Telecommunications Act of 1996, 47 U.S.C. § 332, when it denied AT & T Wireless Services' (hereinafter "AT & T") request for a zoning variance that would have allowed AT & T to place a wireless communications antenna on Plaintiff's building in Ferndale, Michigan. *See Laurence Wolf Capital Mgmt. Trust v. City of Ferndale,* 128 F.Supp.2d 441 (E.D.Mich.2000). Plaintiff appealed.

On April 10, 2003, the United States Court of Appeals for the Sixth Circuit partially reversed that ruling, in a two-to-one decision, concluding that Defendant's

denial of AT & T's non-use variance request violated § 332 because it was not in writing and it was not supported by substantial evidence. *See Laurence Wolf Capital Mgmt. Trust v. City of Ferndale,* 61 Fed. Appx. 204 (6th Cir.2003). The Sixth Circuit remanded the case for further proceedings consistent with its opinion.

On remand, the parties attempted to negotiate a stipulated order disposing of the case on remand, but, after several months of negotiations, the parties were unable to reach such a stipulation. Thus, on September 23, 2003, Plaintiff filed the present motion. Defendant filed its response on October 2, 2003. With its motion, Plaintiff submitted a proposed order, and, similarly, Defendant submitted an alternate proposed order with its response. The two proposed orders are virtually identical with the exception of one disputed sentence thereby demonstrating the narrowness of the issue now before the Court on remand.

Plaintiff's version of the disputed sentence is as follows: "Defendant City of Ferndale shall immediately issue the non-use variance, and further issue any and all additional permits and/or authorizations that may be necessary to permit such an antenna to be placed atop Plaintiff's building."

Defendant's version of the disputed sentence is as follows: "Defendant City of Ferndale shall immediately, upon AT & T's request, issue the variance to AT & T for placement of the submitted plan for a wireless facility on plaintiff's building at the southeast corner of Nine Mile Road and Woodward Avenue intersection in Ferndale, Michigan."

Upon review, the Court concludes that Plaintiff's proposed sentence is overly-broad and goes beyond the scope of this civil action for three reasons.

1. The matter at issue in this case is Defendant's denial of AT & T's variance request. Plaintiff's proposed sentence asks the Court to direct Defendant to issue a variance without any identifying information about the variance at issue. Plaintiff's proposed sentence is too open-ended in this regard. The Court's order on remand will explicitly refer to AT & T's variance request that is the subject of this civil action.

2. Similarly, Plaintiff's failure to identify the specific building at issue also renders its proposed sentence overly broad. The Court's order on remand will specifically identify the building at issue in this civil action, namely: Plaintiff's building at the southeast corner of Nine Mile Road and Woodward Avenue intersection in Ferndale, Michigan.

3. Additionally, the issuance of a variance is only the first step in the zoning process. Once a variance is secured, an applicant must apply for the appropriate city permits to construct a wireless communications antenna on top of a building. Plaintiff's proposed sentence requires Defendant, in addition to issuing a variance, to "issue any and all additional permits and/or authorizations that may be necessary." This portion of Plaintiff's proposed sentence goes beyond the scope of this civil action, which, as mentioned above, only concerns the narrow issue of Defendant's denial of AT & T's variance request. *See, e.g., Laurence Wolf,* 61 Fed.Appx. at 219 ("no evidence exists that would weigh against granting the *variance,* we conclude that the record does not contain substantial evidence supporting [Defendant's] denial of AT & T's *variance* request." (emphasis added)); *Laurence Wolf,* 128 F.Supp.2d at 444–45. Any matters related to the issuance of permits are not ripe for this Court's consideration because, in this case, such permit applications have yet to

be submitted for review and ruled upon by Defendant. To require the issuance of permits in addition to the variance would improperly usurp Defendant's authority to review permit applications.

Moreover, Plaintiff's proposed sentence would require Defendant to issue "any and all ... necessary" permits. Such permits, such as electrical permits and structural permits, are necessary to protect public safety. Thus, public safety considerations strongly counsel against the Court forcing Defendant to blindly issue any and all necessary permits no matter how unreasonable or how unsafe.

Lastly, contrary to Plaintiff's belief, the Sixth Circuit case of *New Par v. City of Saginaw*, 301 F.3d 390 (6th Cir.2002), does not require the Court to compel Defendant to issue any and all necessary permits. Similar to the situation in this action, *New Par* only addressed the issue of a wrongfully-denied variance. *See id.* at 393. In *New Par*, once the district court determined that the city wrongfully denied the variance request at issue, the district court had to decide whether it should remand the matter back to the city for further deliberations on the variance request, or, on the other hand, issue an injunction simply requiring the city to issue the variance in question without any further deliberations on the variance request. *See id.* at 399–400. The district court decided that issuing the injunction and precluding further deliberations on the variance was the proper course of action under the Telecommunications Act. *See id.* at 399. The Sixth Circuit agreed and affirmed the district court's injunctive relief ruling. *See id.* at 399–400. In *New Par*, there was no discussion of requiring the city to issue any and all permits in addition to issuing the variance; again that case, like the one before this Court, was limited to the issue of the city's denial of a variance request. *See id.* at 400 ("[W]e conclude that the

district court did not abuse its discretion in issuing an injunction ordering the [city] to grant [the plaintiff's] variance request."). In this case, by ordering Defendant to immediately issue the variance in question, the Court is doing exactly what the district court in *New Par* did and is complying with the Sixth Circuit's subsequent affirmance. *New Par* requires nothing further, and Plaintiff's expansive interpretation of *New Par* is inapplicable in this action.

Consequently, the Court's order on remand will not include any instruction concerning the issuance of permits and/or other similar authorizations.

**ACCORDINGLY, IT IS HEREBY ORDERED** that, for the reasons stated above, Plaintiff's "motion for entry of order requiring issuance of non-use variance and disposing of case" [docket entry 57] is **GRANTED IN PART and DENIED IN PART.**

**IT IS FURTHER ORDERED** that Defendant shall immediately issue the non-use variance that is the subject of this civil action, that is, the non-use variance requested by AT & T Wireless Services for placement of the requested wireless communications antenna on Plaintiff's building at the southeast corner of Nine Mile Road and Woodward Avenue intersection in Ferndale, Michigan.

**SO ORDERED.**